## PROSECUTION OF JUNK DEALERS.

[Common Pleas Court of Franklin County.]

### PHILLIPS v. THE STATE OF OHIO.

Decided, June 30, 1906

*Constitutional Law—Provisions of Section 4413—Not Unreasonable or Invalid—Regulaton of Second Hand Goods Dealers—Discretion of Court in the Matter of Sentence.*

1. The provisions of Section 4413 for the regulation of dealers in second-hand articles and junk dealers, requiring that certain goods purchased by them shall be kept on hand for thirty days, is not an unreasonable requirement and does not render the act unconstitutional on the ground that it is unreasonable.

2. It is not open to a resident of the city, not accused under this act of failure to report to the mayor, to.complain that the provision of the act requiring a report to the mayor is unconstitutional for lack of uniform operation, inasmuch as a dealer outside of the city limits could not be required to comply with this provision.

3. A fine of $50 for failure to conform with the requirement as to the keeping on hand of goods for thirty days is not excessive or an abuse of discretion on the part of the trial court.

BIGGER, J.

This case is brought by the plaintiff upon petition in error to secure a reversal of the judgment of the police court of this city. The defendant below—the plaintiff in error here—was convicted of a violation of Section 4413 of the Revised Statutes, for the regulation of dealers in second-hand articles and junk dealers.

The specific charge against him in the affidavit is that he had violated the section by failure to keep on hand certain goods purchased by him for a period of thirty days, as required by the statute. The claim of the plaintiff in error is that this section of the statute is unconstitutional and void. If the statute is clearly and palpably unconstitutional, it is the duty of the court to so declare, but if not, then the rule requires the court to sustain the statute.

Our Supreme Court, in the case of *Marmet* v. *The State,* held that the General Assembly had power to regulate such occupations as junk dealers by the imposition of a license fee and to make such a failure to obtain a license penal, and this is upon the ground as announced in the syllabus that the General Assembly had power to make such regulations concerning any occupation which imposed special burdens on the public and was injurious or dangerous to the public. It is a well known fact that many unscrupulous persons have engaged in this business in collusion with thieves, who otherwise find it somewhat difficult to market their stolen goods. A dealer may be honest and have no such criminal connection with thieves, and yet his place furnish the only ready and easy means of disposing of stolen goods, and it would seem not unreasonable to impose some restrictions upon the business for this reason. The Supreme Court has held that that is legal. The restrictions, I think, if not unreasonably severe in themselves would not be

unconstitutional, and it is not clear that the requirement that the property shall be held for thirty days after its reception, so as to furnish an opportunity for the loser to make search for it and recover his goods, is an unreasonable requirement.

It is also said that the law is unconstitutional because it requires a report to the mayor of the city by junk dealers, which it is said can not apply to persons in the country and that, therefore, the law is not of uniform operation. It is a familiar principle that a law may be unconstitutional in part and the remainder of it constitutional and valid. The last clause in the act may be unconstitutional without affecting the remainder of the act, which is general, applying equally everywhere. The defendant is not accused of not reporting to the mayor. He can not, therefore, in my opinion, complain of that provision of the law which he has not been accused of violating, and where he has not been convicted of such violation. It is not, therefore, clear to me that this law is unconstitutional and void, and it is therefore the duty of the court to uphold it.

It is also suggested that the fine of fifty dollars imposed is unreasonable. Counsel does not make any contention in this behalf in his brief, and I can not say that this is so excessive as to call upon a reviewing court to interfere with that reasonable discretion which is imposed in trial courts.

The judgment of the police court must, therefore, be affirmed at the costs of the plaintiff in error.

*C. D. Saviers,* for plaintiff.

*Charles Carter,* for defendant.